**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-20370
Summary Calendar

HECTOR ALVIAR

Plaintiff-Appellant,

VERSUS

WAL-MART STORES, INC.

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-95-4317)
March 21, 1997

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Plaintiff-Appellant sued Wal-Mart for damages to his vehicle allegedly resulting from service performed on the vehicle by Wal-Mart. Following several conferences and hearings, the district court granted Wal-Mart's Motion For Summary Judgment and sanctioned Appellant and Appellant's counsel. Plaintiff appeals. We affirm.

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Following several conferences and hearings, the district court found, based upon expert evidence which is not contradicted, that an invoice submitted by Plaintiff in support of his claim and in opposition to Defendant's motion, had been materially altered. The evidence fully supports this finding.

Thereafter, the district court struck the invoice and the Plaintiff's pleadings, granted Defendant's Motion For Summary Judgment, and sanctioned Plaintiff and his counsel. We need not determine if it was an abuse of discretion for the court to strike the pleadings, for it was clearly not an abuse of discretion not to consider the altered invoice. Without the invoice there was no evidence to create an issue of material fact and the grant of summary judgment was proper.

Likewise, there was no abuse of discretion in sanctioning the Defendant $7,500 in attorneys fees and $150 in costs for submitting altered evidence. While it is true that there was no evidence offered as to the amount of fees and costs incurred by the Defendant, the record, which we have carefully examined, makes it clear that the probable fees and costs were well in excess of the amount assessed. The amount is a reasonable sanction for the grave wrong committed. Parties who play fast and loose with the judicial system must know that there are serious consequences for so doing.

AFFIRMED.